|   |   |
|---|---|
| 1 | CATHERINE CORTEZ MASTO |
|   | Attorney General |
| 2 | ALICIA L. LERUD |
|   | Deputy Attorney General |
| 3 | Nevada Bar No. 10123 |
|   | Litigation Division |
| 4 | 100 N. Carson Street |
|   | Carson City, Nevada 89701-4717 |
| 5 | Telephone: (775) 684-1259 |

Attorneys for Defendants
Craig Farwell, Lenard Varé, Cherie Scott,
Rosemary Seals, Samual Chapman,
Robert LeGrand, Lt. Michael Ward,
Joyce Thomson, Robert Schofield,
Linda Buck, John Klassen, Nevada
Department of Corrections

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ROBERT FLUKER, | ) | Case No. 3:06-cv-00429-HDM-RAM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **STIPULATION and ORDER** |
| CRAIG FARWELL, et al., | ) | **FOR PROTECTIVE ORDER** |
| Defendants. | ) | |

Plaintiff Robert Fluker, by and through his attorney, Marc Picker, Esq., and Defendants Craig Farwell, Lenard Varé, Cherie Scott, Rosemary Seals, Samual Chapman, Robert LeGrand, Lt. Michael Ward, Joyce Thomson, Robert Schofield, Linda Buck, John Klassen, and Nevada Department of Corrections, by and through their attorneys, Catherine Cortez Masto, Attorney General, and Alicia L. Lerud, Deputy Attorney General, stipulate to the issuance of a Protective Order regarding: (1) confidential Nevada Department Of Corrections ("NDOC") and Lovelock Correctional Center ("LCC") Administrative Regulations, incident logs, policies and procedures; (2) Inmate Christopher Norton #81529 records including medical and mental health records; (3) Plaintiff Robert Fluker's records including medical and mental health records; and (4) other confidential documents (hereinafter "Confidential Documents").

## STIPULATION

The parties and their attorneys stipulate and request that the Court enter a protective order governing the production of said Confidential Documents. Certain Nevada Department Of Corrections ("NDOC") documents, Lovelock Correctional Center ("LCC") documents, and inmate medical and mental health records are confidential for security, safety, medical privacy and other reasons, and such Confidential Documents are not available for review by inmates. Disclosure of the contents of such Confidential Documents would risk compromising security and safety at NDOC facilities and the medical privacy of inmates. Therefore, the parties and their attorneys have agreed to the following procedures to govern the production and viewing of such documents:

All Confidential Documents produced in this litigation are subject to this Protective Order. Confidential Documents include, but are not limited to, Administrative Regulations that are marked as confidential, Institutional Procedures, LCC staff rosters, LCC incident logs, contents of I-files and C-files, and medical records of individual inmates.

All Confidential Documents may only be viewed, and their contents disclosed only to, attorneys of record for the parties, expert witnesses, if any, and NDOC and LCC employees that have access to these Confidential Documents in the scope of their duties. All persons given access to such Confidential Documents must be instructed as to the terms of this Protective Order. This Protective Order absolutely prohibits disclosure of the contents to and possession of the produced Confidential Documents by inmates and former inmates of the NDOC and their family members.

If it is necessary to make the Confidential Documents governed by this Protective Order exhibits to any filing with the Court, the Confidential Documents shall be placed in a sealed manila envelope marked on the outside "Confidential Pursuant To Protective Order" and submitted *in camera* to the Court.

If it is necessary to make a Confidential Document governed by this Protective Order an exhibit at trial, the Confidential Document shall be placed in a sealed manila envelope marked on the outside "Confidential Pursuant To Protective Order" and marked with

1  its exhibit number. It may be physically reviewed in open court by the attorneys for the
2  parties, the Court, the Clerk of the Court and any witness except the Plaintiff Inmate or any
3  other inmate. If admitted into evidence, it will be submitted *in camera* to the jury or the Court.
4  The jury may review the Confidential Document only in the jury room and the jury will be
5  admonished that it may not be copied or removed from the jury room during deliberations and
6  that it must be placed back into the manila envelope and sealed upon the conclusion of jury
7  deliberations.

        The parties respectfully request that the Court enter this Stipulation as an order of the Court.

DATED this 13th day of March 2007

_____
Marc Picker, Esq.

Attorney for Plaintiff

DATED this 13th day of March 2007

CATHERINE CORTEZ MASTO
Attorney General

BY: _____
Alicia Lerud
Deputy Attorney General
Litigation Division

Attorneys for Defendants

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Date: March 13, 2007 _____

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 13th day of March 2007, I caused to be served a copy of the foregoing STIPULATION AND ORDER FOR PROTECTIVE ORDER, by mailing a true copy to the following:

MARC PICKER ESQ
MARC PICKER ESQ LTD
PO BOX 3344
RENO NV 89505-3344
Attorney for Plaintiff

*Alice Coffman*